Report Date: June 26, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 01, 2019

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Mark Casch     Case Number: 0980 2:16CR00218-TOR-1

Address of Offender: ▆▆▆▆▆▆▆▆▆▆ , Pasco, Washington 99301

Name of Sentencing Judicial Officer: The Honorable Edward J. Lodge, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: May 23, 2005

| | | | |
|---|---|---|---|
| Original Offense: | Conspiracy to Possess With Intent to Distribute Controlled Substances - Methamphetamine and Cocaine, 21 U.S.C. § 846 and 841(a)(1) | | |
| Original Sentence: | Prison - 192 months; TSR - 60 months | Type of Supervision: | Supervised Release |
| Revocation Sentence: (6/13/2019) | Prison- 15 days; TSR- 33 months | | |
| Asst. U.S. Attorney: | Daniel H. Frucher | Date Supervision Commenced: | June 13, 2019 |
| Defense Attorney: | Matthew A. Campbell | Date Supervision Expires: | March 12, 2022 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 1**: Defendant shall complete 60 days of home detention upon his release from custody. Within 5 days of release, electronic monitoring shall be installed and used to facilitate Defendant's home detention. Defendant is restricted to his residence at all times except for employment, education, religious services, medical, substance abuse testing and treatment, mental health treatment, attorney visits, court appearances, court-ordered obligations, necessary shopping or other activities which have been preapproved by the supervising officer. Defendant shall pay for electronic monitoring according to is ability. |

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by returning home after his 6 p.m. scheduled entry time and leaving at 6:54 p.m. during his detention time on June 19, 2019.

On June 17, 2019, the offender signed his Judgement in a Criminal Case acknowledging he understood he was to participate in the GPS Monitoring program under home detention for a period of 60 days. He also acknowledged he understood he was to comply with the rules

and regulations of the program.

On June 17, 2019, the offender signed his Location Monitoring Program GPS Participant Agreement form noting he understood he was not to deviate from his agreed upon schedule, except in an emergency. Furthermore, by signing he noted he understood he would remain at his approved residence at all times, except for activities approved in advance by his supervising officer.

On June 19, 2019, the offender was given time out from 5 a.m. to 6 p.m. for work purposes. The offender was the one who requested the schedule for approval. At 6:32 p.m. an alert was received noting the offender did not return home by 6 p.m. The offender entered his residence at 6:36 p.m. A secondary alert was sent at 6:54 p.m. noting the offender had left his home, traveled to east Pasco, remained at his girlfriend's residence for about 10 minutes, and then returned home at 7:23 p.m.

Phone contact was made with the offender and he stated he had come home from work a little late and then needed to take a work trailer over to his girlfriend's home. The offender was reminded he had been approved to be out until 6 p.m. He was also reminded he was not approved to be late or to leave again during his detention time and drive to his girlfriend's home. The offender stated he did not think it would be a 'big deal."

2  **Special Condition # 1**: Defendant shall complete 60 days of home detention upon his release from custody. Within 5 days of release, electronic monitoring shall be installed and used to facilitate Defendant's home detention. Defendant is restricted to his residence at all times except for employment, education, religious services, medical, substance abuse testing and treatment, mental health treatment, attorney visits, court appearances, court-ordered obligations, necessary shopping or other activities which have been preapproved by the supervising officer. Defendant shall pay for electronic monitoring according to is ability.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to return home by 11 p.m. on June 21, 2019.

On June 17, 2019, the offender signed his Judgement in a Criminal Case acknowledging he understood he was to participate in the GPS Monitoring program under home detention for a period of 60 days. He also acknowledged he understood he was to comply with the rules and regulations of the program.

On June 17, 2019, the offender signed his Location Monitoring Program GPS Participant Agreement form noting he understood he was not to deviate from his agreed upon schedule, except in an emergency. Furthermore, by signing he noted he understood he would remain at his approved residence at all times, except for activities approved in advance by his supervising officer.

On June 20, 2019, the offender confirmed his request to travel to Ohme Gardens in Wenatchee, Washington, on June 21, 2019, to meet with his girlfriend's family and to propose to his girlfriend. The offender also noted he needed to conduct some business in the same area prior. Approval was given for the offender to leave home at 5 a.m. and return by 11 p.m. The offender indicated his plans in an email stating, "Okay ..for tomorrow I would like to have the day to visit Ohme Gardens and Sorrentos. Sorrentos is the restaurant

independent at a winery. You mentioned that you might not approve of the winery venue so a picnic spot nearby Chelan would also work. Ohme Gardens until 7 p.m. Dinner until 830and then home to Pasco." The offender had been told previously he would not be approved to be at a winery; therefore, the restaurant would not be approved. To be clear with the offender, this officer responded to his text message as follows, "Just so we are clear, Sorrentos is out as it is at a winery. I will call you with some other information."

On June 21, 2019, at 8:47 p.m. the offender sent a text message requesting, "a little extra time." The message was not observed by this officer until approximately 9:30 p.m. when the offender sent an additional message stating he was chartering a helicopter flight so as to be home on time. Phone contact was made with the offender and he was advised he had been given an 18- hour time span to complete his work, take care of his proposal, and get home. The offender was directed to be home on time. The offender stated he was catching a flight and would be home on time. A review of the offenders GPS points was conducted and it was determined he had not left the park where he was meeting with the family until 9:11 p.m. By that time, there was no way the offender could have driven home in time to meet his return time of 11 p.m. GPS points noted the offender then drove to a Taco Bell in East Wenatchee where he remained from 9:55 p.m. to 10:13 p.m. Upon leaving Taco Bell, he drove east on Highway 28 until he was involved in an accident at approximately 10:30 p.m. The offender was released from the hospital early on the morning of June 23, 2019, and returned home in the vehicle he had wrecked in. The offender had no major injuries caused by the accident.

3       **Standard Condition #13:** You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence:** The offender is considered to be in violation of his period of supervised release by going to Sorrento's Ristorante in Chelan, Washington, on or prior to June 21, 2019, after being directed not to by his supervising probation officer.

On June 17, 2019, the offender signed his Judgement in a Criminal Case acknowledging he understood he was to follow the instructions of his probation officer related to the conditions of his supervision.

As noted within Violation #2, the offender was given permission to travel to Wenatchee, Washington, to propose to his girlfriend and spend some time with her family. The offender was specifically directed not to go to Sorrento's Ristorante as it was located at a winery and he was prohibited from entering any establishment where the primary item of sale is alcohol. Furthermore, the offender is prohibited from drinking alcohol.

After the offender was involved in his accident, a detailed check was made of his GPS points to account for the reason he was running so far behind. Several phone contacts were also made with the offender. What came out of the GPS point check and conversations with the offender was, at 7:02 p.m. the offender left on a chartered helicopter flight from Wenatchee to Chelan, where they landed at the winery where Sorrento's Ristorante is located. He remained on the property from 7:44 p.m. until 8:20 p.m. The offender then traveled to the approved park location to meet with the extended family. When asked why he went to the winery which he had been told twice prior not to travel to, the offender stated it was the only location the pilot was approved to land. The offender added he never went into the winery or restaurant but instead stayed out on the front grass area.

| | | |
|---|---|---|
| 4 | | **Special Condition #5:** Defendant must not enter into or remain in any establishment where alcohol is the primary item of sale. Defendant must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance. |

**Supporting Evidence:** The offender is considered to be in violation of his period of supervised release by entering the property of Sorrento's Ristorante and winery on or prior to June 21, 2019.

On June 17, 2019, the offender signed his Judgement in a Criminal Case acknowledging he understood he was not to enter into or remain in any establishment where the primary sale is alcohol.

As noted within Violation #3, the offender was prohibited by condition and by verbal direction from this officer to be at Sorrento's Ristorante in Chelan, Washington, as it is a winery. The offender took a chartered helicopter ride to the winery, and remained within the property boundary from 7:44 p.m. to 8:20 p.m. While the offender states he never entered a building on the property, and GPS points do not put him inside a building, wine can be served on the premises and the main item of sale for the property is alcohol. This was explained twice to the offender prior to his travel and time out being approved.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 6/26/2019

s/David L. McCary

David L. McCary
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[✓] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

July 1, 2019

Date